IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESSICA SMITH, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) No. 08 CV 3352 ) ) Judge Lefkow |
| v. | ) ) Magistrate Judge Schenkier |
| PLAYTEX PRODUCTS, INC., RC2 CORPORATION, LEARNING CURVE BRANDS, INC., and MEDELA, INC., | ) ) ) ) |
| Defendants. | ) |

**DEFENDANT LEARNING CURVE BRANDS, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Learning Curve Brands, Inc.("Learning Curve") by its counsel, Ice Miller LLP, hereby submits the following memorandum in support of its Motion To Dismiss Plaintiff's Class Action Complaint ("Motion to Dismiss").

**INTRODUCTION**

This case is the third of three separate complaints which have been brought by two different law firms on behalf of five named plaintiffs, alleging the identical allegations against the same four defendants. The only difference between this complaint and the two prior filed complaints are the paragraphs identifying the named plaintiffs in each case. The complaints are brought on a behalf of the five named plaintiffs and putative nationwide classes[1] of all persons who purchased what Plaintiffs have characterized as "vinyl plastic baby products" ("VPBPs") which allegedly contain lead. (Compl. ¶49). Plaintiff identifies three separate and distinct products as the VPBPs, each of which are allegedly sold by three distinct defendants. Defendant

---

[1] Count II is apparently brought on behalf of a putative subclass (the "Implied Warranty Subclass") consisting or residents of 23 states. (Compl. ¶68).

Medela is alleged to distribute or sell a vinyl cooler for storing breast milk. (Compl. ¶1). Defendant Playtex is alleged to distribute or sell a "Fridge to Go" vinyl baby bottle cooler. (Compl. ¶1). And Defendant RC2 Corporation, (which is the parent corporation of Defendant Learning Curve Brands, Inc.), is alleged to distribute or sell a carrying case for a First Years brand Natural Transitions breast pump. (Compl. ¶1). Plaintiffs fail to allege which, if any, of the three VPBPs they purchased.

Plaintiffs purport to allege claims for: 1) violation of consumer protection and unfair and deceptive trade practice statutes of 43 jurisdictions; 2) breach of implied warranty; 3) negligence and 4) unjust enrichment. The claims all arise from unspecified alleged test results by a California environmental advocacy group, the Center for Environmental Health ("CEH") which supposedly found "High levels of lead in Defendants' VPBPs." (Compl. ¶4). Notably the Complaints do not provide the test results or specify where or in what concentration lead is contained in the VPBPs.

The first Complaint was filed on May 9, 2008, by the firm of Wolf, Haldenstein, Adler, Freeman & Herz, LLC ("Wolf Haldenstein") on behalf of Grisselle Ramos and a putative class, *Grisselle Ramos v. Playtex Products, Inc., RC2 Corporation, Learning Curve Brands, Inc. and Medela, Inc.*, No. 08 CV 2703 (the "Ramos Action"). Six days later on May 15, 2008 Wolf Haldenstein filed an identical second Complaint on behalf of three other plaintiffs and the same identical putative class, *Dina Scalia, Jennifer Suarez and Marissa Lopez v. Playtex Products, Inc., RC2 Corporation, Learning Curve Brands, Inc. and Medela, Inc.*, No. 08 CV 2703 (the "Scalia Action"). The Scalia Action was assigned to Judge Nordberg.

Wolf Haldenstein filed a motion on June 5, 2008 to have the Scalia Action reassigned to Judge Lefkow's calendar as a related action and to consolidate it with the Ramos Action. The

2

motion was not opposed by Defendants and Judge Lefkow granted the motion on June 10, 2008. On June 11, 2008, an Order of the Executive Committee was issued, reassigning the Scalia Action to be the calendar of Judge Lefkow.

This action, which is the third identical complaint filed against the Defendants, was filed by Hagens Berman Sobol Shapiro LLP on June 11, 2008, on behalf of Jessica Smith and the same putative class and subclass alleged in the Ramos and Scalia Actions, *Jessica Smith v. Playtex Products, Inc., RC2 Corporation, Learning Curve Brands, Inc. and Medela, Inc.*, No. 08 CV 3352, (the "Smith Action").  On June 26, 2008, Defendant Learning Curve Brands, Inc.[2] filed a motion to have this case reassigned to this Court's calendar and to consolidate it with the Ramos Action.  On June 27, 2008, this Court granted Learning Curve's motion to transfer the case for relatedness.  On June 30, 2008, the Executive Committee ordered the reassignment of this case to this Court's calendar.  As of today, the cases have not been consolidated.  Therefore, Learning Curve has filed this separate motion before this Court with the expectation that this case, and therefore this Motion to Dismiss, will be heard at the same time as the similar Motions to Dismiss filed in the Ramos and Scalia Actions.

On June 2, 2008, Defendant Medela filed a motion in the Ramos Action requesting the Court to sever Plaintiffs' claims against it from the claims of Plaintiffs against RC2 and Learning Curve and Playtex.  On June 23, 2008, RC2 and Learning Curve filed a response in support of Medela's motion and requested the Court to sever the claims against RC2 and Learning Curve from Plaintiffs' claims against the other Defendants.

## ARGUMENT

The Plaintiff in this case alleges that she is a resident of California. (Compl. at ¶8).  As is the case in the Ramos and Scalia Actions, Plaintiff here does not allege that she purchased,

3

owned, or even used a First Years "Natural Transitions" breast pump carrying case ("Natural Transitions Carrying Case"), the only VPBP which Plaintiffs allege RC2 or Learning Curve sold or distributed. Instead, Plaintiff simply alleges that she "purchased one or more VPBPs." (Compl. ¶8.) The purchase, ownership, or use of the Natural Transitions Carrying Case is a fundamental prerequisite for standing to bring this case, as well as a prima facie element of every claim asserted by Plaintiff. Without an allegation that Plaintiff purchased the Natural Transitions Carrying Case, Plaintiff lacks standing and, further, cannot state a claim against Learning Curve. Therefore the Complaint should be dismissed in its entirety.

As the United States Supreme Court recently clarified in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Id.* at 1964-65 (citations omitted).[3] "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 1965 (quoting 5 Wright & Miller, *Federal Practice and Procedure* § 1216, pp. 235-36 (3d. ed. 2004)). Plaintiff has failed to meet this burden.

Plaintiff's claims are apparently based exclusively on the news release of CEH, a private, non-governmental environmental group. According to the Complaint, CEH tested a variety of products, determined that some of the products contained lead, and recommended that consumers throw those products away. The Complaint then focuses on allegations of the effect of lead on children and society, and cites regulations applicable to other types of products and bills being considered by various legislatures in an attempt to raise an inference of illegality and defects

---

[2]     As of June 26, 2008, Learning Curve Brands, Inc. was the only defendant served in the Smith Action.
[3]     In *Bell Atlantic*, the Supreme Court abandoned the frequently-quoted language which permitted a court to dismiss a complaint only where it appeared "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 1968 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

regarding the VPBPs.  Plaintiff apparently hopes that by keeping the Court's attention focused on her allegations that "lead is bad," she can obscure the fact that she has not alleged that she purchased, owned, or used the Natural Transitions Carrying Case or that she was injured by or even exposed to any lead allegedly in the Natural Transitions Carrying Case.  The Complaint does not even allege that Plaintiff actually has lead poisoning or an elevated blood lead level.  Nor does it contain allegations from which it could be reasonably inferred that any alleged injury was even related to the Natural Transitions Carrying Case.  In fact, the Complaint is entirely devoid of any allegations regarding how much lead is supposedly in the Natural Transitions Carrying Case, what part of the product, if any, contains lead, or whether Plaintiff's children have in fact, had any exposure whatsoever to any alleged lead containing component of the Natural Transitions Carrying Case.  The lack of these fundamental allegations highlight the fatal flaw in this case.

     A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. at 1965.  As discussed below, having failed to assert the key allegations needed to pursue claims, Plaintiff has failed to allege facts sufficient to demonstrate standing and, also, to raise her right to relief above the speculative level for any of the asserted claims. Thus, the Complaint should be dismissed in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).

**I.    Plaintiff's Statutory Consumer Fraud Claims (Count I) Should Be Dismissed.**

    **A.    Plaintiff, Who Has Not Purchased, Owned or Used the Product Lacks Standing to Bring a Consumer Fraud Claim and, Further, Fails to State a Claim**

Plaintiff has not adequately pled a consumer fraud claim against Learning Curve. To state a claim for consumer fraud, a plaintiff must, at a minimum, allege that they are a purchaser or consumer who has been damaged due to unlawful conduct under the act.[4]

Under California's Consumer Legal Remedies Act (the "CLRA"), Cal. Civ. Code § 1770, *et seq.*, a "violation of the CLRA may only be alleged by a consumer." *Von Grabe v. Sprint PCS*, 312 F. Supp.2d 1285, 1303 (S.D. Cal. 2003). "A 'consumer' is defined as 'an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes.'" *Id.* (quoting Cal. Civ. Code § 1761(d)). Actions under the CLRA may only be brought by a consumer "who suffers damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770." Cal. Civ. Code § 1780(a). If a plaintiff fails to plead these requirements, her claim must be dismissed. *See Buckland v. Threshold Enterprises, Ltd.*, 155 Cal.App.4th 798, 809-11, 66 Cal.Rptr.3d 543, 550-52 (Cal. Ct. App. 2007).

Without any allegation that Plaintiff purchased, owned, or even used the Natural Transitions Carrying Case, she has failed to meet the most basic threshold requirements of a consumer fraud claim under California law. Thus, she has failed to state a claim upon which relief may be granted against Learning Curve, and Count I must be dismissed in its entirety as to.

---

[4]    The Court need not engage in a choice-of-law analysis in order to address the pending issue because this is a threshold requirement for the consumer fraud acts of each of the named plaintiffs' state of residence as well as the forum state. If this case progresses, then such an analysis will be necessary.

6

B.  **Plaintiff's Statutory Consumer Fraud Claims Should Be Dismissed For Failure To Comply With The Pleading Requirements Of Fed. R. Civ. P. 9(B).**

Plaintiff's consumer fraud claims should also be dismissed because the Plaintiff has failed to comply with the stringent pleading requirements of Federal Rule of Civil Procedure 9(b) applicable to such claims.[5] Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." To satisfy the heightened pleading requirements of Rule 9(b), the plaintiff must specify "the who, what, when, where, and how" of the alleged fraud. *Di Leo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Plaintiff must state "'the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated.'" *Miller v. Showcase Homes, Inc.*, No. 98-C-2009, 1999 WL 199605 at *2 (N.D. Ill. March 31, 1999) (quoting *Schiffels v. Kemper Fin. Services, Inc.*, 978 F.2d 344, 352 (7th Cir. 1992) (quoting *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992)). Plaintiff has completely failed to satisfy this burden.

The Complaint does not identify the content of any representation allegedly relied upon by the Plaintiff, the identity of the person making the misrepresentation, the time and place of the misrepresentation or the method by which the misrepresentation was communicated. *See Miller*, No. 98-C-2009, 1999 WL 199605 at *2. The Complaint merely vaguely alleges that the Plaintiff purchased one or more VPBPs "based on the Defendants representations that the products are safe for children and are intended to be used in connection with feeding infants." (Compl. ¶ 8.)

---

[5] It is well-settled that Rule 9(b) applies not just to common law fraud claims, but also to claims under consumer fraud statutes. *See Davis v. G.N. Mortgage Corp.*, 396 F.3d 869, 883 (7th Cir. 2005) (stating ICFA claims "must be pled with the same specificity as that required under common law fraud."); *U.S. v. All Meat and Poultry Products Stored at Lagrou Cold Storage*, 470 F. Supp. 2d 823, 830 (N.D. Ill. 2007); *Melecio v. Kia Motors Corp.*, No. 05-C3599, 2005 WL 3005609 at *2 (N.D. Ill. Nov. 9, 2005).

7

However, this general allegation does not specify whether Plaintiff bought the Natural Transitions Carrying Case at issue, who made the representations or what the representations were, much less when, where, and how they were made.

The Complaint also alleges that four statements on the Learning Curve website are evidence that the marketing campaign was intended to assure parents that its products are safe for children. (Compl. ¶ 41-42). However, merely alleging the existence of these statements is insufficient to meet the pleading requirements for fraud. First and foremost, Plaintiff does not allege that she even visited the website or read the alleged representations contained on the website. *See In re Gen. Motors Corp. Anti-Lock Brake Prod. Liab. Litig*., 966 F. Supp. 1525, 1536 (E.D. Mo. 1997) *aff'd, Briehl v. Gen'l Motors Corp*., 172 F.3d 623 (8th Cir. 1999) (plaintiffs did not adequately allege reliance where they failed to allege if, when, where or how they heard any of defendant representations) (citing *Weaver v. Chrysler Corp.,* 172 F.R.D. 96, 102 (S.D.N.Y.1997) (dismissing plaintiff's claim for fraudulent omission in part because plaintiff failed to allege when "he read, saw, or heard Chrysler's representations, advertisements and promotional materials that omitted the reference to the defective child seats."). Second, the Natural Transitions Carrying Case at issue is not a toy, pacifier or bottle – it is the carrying case for a breast pump. It is not marketed for or intended to be used by children. Thus, Plaintiff has failed to allege how she were misled by the alleged statements from the website into the purchase of a Natural Transitions Carrying Case.

Finally, Count I purports to state a cause of action under the consumer fraud statutes of forty-three jurisdictions (Compl. ¶ 61). In addition to failing to describe the particulars of any alleged misrepresentations, Plaintiff makes no attempt to plead the elements of each statutory cause of action. Plaintiff merely cites the forty-three statutes. As such, Count I must be

dismissed for failure to meet the pleading requirements of Federal Rule 9(b).  *See In re Gen. Motors Corp. Anti-Lock Brake Prod. Liab. Litig*., 966 F. Supp. at 1536 (dismissing state consumer protection statute claims because plaintiffs failed to plead the elements essential to each unique state statute as required by Fed. R. Civ. P. 9(b)).  Accordingly, Count I should be dismissed in its entirety with respect to Learning Curve.

## II.     Plaintiff Fails To State A Claim For Breach Of Implied Warranty (Count II)

Count II purports to bring a claim for breach of implied warranty on behalf of the Plaintiff individually as well as "similarly situated residents" of 23 different states (the "Implied Warranty Subclass.")  Interestingly, the Plaintiff, who claims she is a resident of California, does not even fall within the Implied Warranty Subclass for whom she purports to be a representative.  This is not surprising as California law requires privity of contract in order to maintain a breach of implied warranty claim.  "Privity of contract is a prerequisite in California for recovery on a theory of breach of implied warranties of fitness and merchantability.  'The general rule is that privity of contract is required in an action for breach of either express or implied warranty and that there is no privity between the original seller and a subsequent purchaser who is in no way a party to the original sale.'"  *Blanco v. Baxter Healthcare Corp.*, 158 Cal. App. 4th 1039, 1058-59, 70 Cal. Rptr. 3d 566 (Cal. Ct. App. 2008) (citations omitted).  Because Plaintiff has not alleged that she purchased the Natural Transitions Carrying Case, she clearly does not have privity with Learning Curve.  As such, she cannot maintain an individual claim for breach of implied warranty.[6]  For this reason, Count II should be dismissed in its entirety.

---

[6]     A court may grant a Motion to Dismiss a named plaintiff's claims prior to certification of a class.  *See, e.g., Forrest v. Universal Savings Bank, F.A.*, No. 06-4337, slip op. at 1 (7th Cir. Oct. 25, 2007) (affirming dismissal of putative class action complaint prior to class certification).

### III. Plaintiff's Negligence (Count III) Allegations Must be Dismissed Because Plaintiff Has Failed to Allege Prima Facie Elements Needed for a Compensable Tort Injury

Count III should be dismissed because Plaintiff has failed to allege a compensable tort injury caused by the Natural Transitions Carrying Case.[7] It is axiomatic that "the tort of negligence is not committed unless and until some damage is done." *White v. Mattera*, 814 A.2d 627, 632 (N.J. 2003) (quoting *Muller Fuel Oil Co. v. Ins. Co. of N. Am.*, 232 A.2d 168 (N.J. Ct. App. 1967). *See also* 65 C.J.S. Negligence § 21 ("The essential elements for an action in negligence are that the defendant was under a duty to protect the plaintiff from injury, that the defendant breached that duty, that the plaintiff suffered actual injury or loss, and that the loss or injury proximately resulted from the defendant's breach of the duty. . . . To maintain an action in negligence, the plaintiff must assert in the complaint . . . that the plaintiff suffered actual injury or loss . . . ."); *Wattenbarger v. Cincinnati Reds, Inc.*, 28 Cal.App.4th 746, 1751, 33 Cal. Rptr.2d 732 (Cal. Ct. App. 1994) (citations and emphasis omitted) ("The essential elements of a cause of action in negligence [include] . . . breach as a proximate or legal cause of the resulting injury."); *Andrade v. General Motors Corp.*, 785 N.E.2d 214 (Ill. Ct. App. 2003); (*Glidden v. Maglio*, 722 N.E.2d 971, 973 (Mass. 2000)).

In order to show this necessary causal connection in a product case, at a bare minimum, each plaintiff must have purchased, owned, used, or at least come into contact with the Natural Transitions Carrying Case. In this case no such allegations are made. Further, as with the claims for implied warranty, the elements of negligence require a causal connection between the alleged negligent act and alleged injury. Here, Plaintiff has not alleged that any of her children have elevated blood lead levels. Plaintiff has not even alleged that she owns, used or uses a Natural Transitions breast pump, much less allowed her child to play with The Natural Transitions

Carrying Case. Also, there are no allegations relating to the alleged exposure to lead. Without these fundamental elements, Plaintiff has failed to state a claim upon which relief can be granted, and Count III should be dismissed.

**IV.    Plaintiff's Unjust Enrichment Claim (Count IV) Must Be Dismissed Because Plaintiff Has Failed To Allege That RC2 Received A Benefit That It Unjustly Retained**

It is axiomatic that for a plaintiff to state a claim for unjust enrichment against a defendant, the plaintiff must allege that the defendant received a benefit from the plaintiff. *See* 26 Williston on Contracts § 68:5 (4th ed.) (The three elements that a plaintiff must establish to succeed in an unjust enrichment claim include "(1) a benefit conferred on the defendant by the plaintiff . . . ."). The Complaint alleges generally that Defendants have unjustly retained profits, but Plaintiff does not allege that she purchased a product from Learning Curve, thereby conferring a benefit on Learning Curve. As the named Plaintiff has failed to allege that she conferred any benefit on Learning Curve, she has failed to allege that Learning Curve has been enriched, unjustly or otherwise, and Count IV of the Complaint must be dismissed for failure to state a claim upon which relief can be granted.

---

[7] *See* 65 C.J.S. NEGLIGENCE § 21; 72A C.J.S. PRODUCTS LIABILITY § 8.

11

## **CONCLUSION**

For the reasons stated above, Learning Curve Brands, Inc. asks this Court to grant its Motion to Dismiss Plaintiff's Complaint.

        Respectfully submitted,

        LEARNING CURVE BRANDS, INC.

        s/ Bart T. Murphy_____
        By one of its attorneys

        Bart T. Murphy
        Ice Miller LLP
        2300 Cabot Dr., Ste. 455
        Lisle, IL 60532
        630-955-6392

Bart T. Murphy
Jenee Straub
Thomas J. Hayes
Ice Miller LLP
2300 Cabot Dr., Ste. 455
Lisle, IL 60532
630-955-6392

(Of Counsel)
Judith Okenfuss
Juliana Plawecki
Ice Miller LLP
One American Square, Ste. 3100
Indianapolis, IN 46282-0200
317-236-2219

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of July, 2008, I caused a copy of the foregoing document, DEFENDANT LEARNING CURVE BRANDS, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT, to be filed electronically. Notice of this filing will be sent to the following counsel by operation of the Court's ECF system. Parties may access this filing through the Court's system.

Elizabeth A. Fegan  beth@hbsslaw.com
Daniel J. Kurowski  dank@hbsslaw.com
Timothy P. Mahoney  timm@hbsslaw.com

s/Bart T. Murphy_____
Bart T. Murphy
Ice Miller LLP
2300 Cabot Dr., Ste,. 455
Lisle, IL 60532
(630) 955-6392

D 2173841